IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICARDO C. WILLIAMS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | CIVIL ACTION NO. |
| : | 1:13-CV-1986-RWS |
| NATIONSTAR MORTGAGE : | |
| LLC, f/k/a Centex Home Equity : | |
| Company, LLC, and FIRST : | |
| HORIZON HOME LOANS, a : | |
| Division of First Tenn. National : | |
| Association, : | |
| : | |
| Defendants. : | |

## ORDER

This case is before the Court on Defendant Nationstar Mortgage LLC and Defendant First Horizon Home Loan's Motion to Dismiss [4].  After reviewing the record, the Court enters the following Order.

### Background

This case arises out of the foreclosure of Plaintiff Williams's home.  It appears, based on the few facts presented to this Court, that Plaintiff executed a promissory note and security deed in favor of First Horizon Home Loans to secure a mortgage on his property, located at 1375 Willow River Run, Grayson, GA

30017. (Compl., Dkt [1-1].) First Horizon Home Loans then assigned the security deed to Nationstar Mortgage, LLC f/k/a Centex Home Equity Company, LLC ("Nationstar").

When Nationstar initiated non-judicial foreclosure proceedings and scheduled a foreclosure sale to occur on May 7, 2013, Plaintiff Williams filed this action in Gwinnett County Superior Court on May 6, 2013. Although it is difficult to decipher,[1] Plaintiff's claim for wrongful foreclosure appears grounded on the theory that "splitting" the promissory note from the security deed rendered the foreclosure by Nationstar "improper."

Asserting diversity jurisdiction, Defendants then removed the action to this Court on June 13, 2013, and Defendants filed their Motion to Dismiss [4] on June 25, 2013. Plaintiff has never filed a response to the Motion to Dismiss, which indicates under this Court's local rules that there is no opposition to the instant Motion to Dismiss. L.R. 7.1. (B). However, in light of Plaintiff's *pro se* status, the Court will consider the merits of the arguments.

---

[1] The Court notes that the Complaint is comprised primarily of legal conclusions and contains few factual assertions. Some factual allegations do not seem to relate to Plaintiff's or Defendants' actions in this case, but constitute "shotgun pleadings." The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings and established that shotgun pleading is an unacceptable form of establishing a claim for relief. Strategic Income Fund, LLV v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 (11th Cir. 2002).

## Discussion

I.  **Motion to Dismiss**

   A.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)) (stating "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'"). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. <u>Id.</u>

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." <u>FindWhat Investor Group v. FindWhat.com</u>, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting

Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). However, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

B.   Analysis

The Court agrees with Defendants that Plaintiff's Complaint fails to state a claim for relief and must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for the following reasons.

Plaintiff contends that Defendants initiated wrongful foreclosure proceedings on his Property. To state a claim for wrongful foreclosure, a plaintiff must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga.

Ct. App. 2012). "Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful foreclosure." Id. (citing Calhoun First Nat. Bank v. Dickens, 443 S.E.2d 837, 838 (Ga. 1994)).

Plaintiff does not state the elements for a wrongful foreclosure claim nor plead facts sufficient to survive a motion to dismiss. Instead, Plaintiff argues that Nationstar lacks the authority to foreclose on his property because Nationstar does not hold the promissory note in addition to the security deed. (Compl., Dkt 1-1, ¶ 3.) As Defendants argue, this "split-the note" claim has been rejected by this Court and the Georgia Supreme Court. See Montoya v. Branch Banking & Trust Co., 2012 U.S. Dist. LEXIS 31786, 12-14 (N.D. Ga. Mar. 9, 2012) (finding "any and all claims arising out of the Note and Security Deed being 'split' fail as a matter of law"); see also You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013)(finding that the "[h]older of a deed to secure debt is authorized to exercise the power of sale in accordance with terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed").

Under Georgia law, the security deed assignee "may exercise any power therein contained," including the power of sale. O.C.G.A. § 23-2-114. Therefore,

as an assignee of the security deed, Nationstar has the authority to foreclose after Plaintiff's default pursuant to the security deed.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [4] is **GRANTED**.  Accordingly, this case is **DISMISSED**.

**SO ORDERED**, this  22nd  day of January, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE